IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN W. REED, #1474187, ) | | |
|     Plaintiff, ) | | |
| ) | | |
| v. ) | 3:08-CV-0326-O | |
| ) | | |
| DALLAS COUNTY DETENTION ) | | |
| CENTER, ) | | |
|     Defendant. ) | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court filed on January 14, 2008, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil rights complaint brought by a state inmate pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff is presently confined at the Choice Moore Unit of the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) in Bonham, Texas. Defendant is the Dallas County Detention Center. The court has not issued process in this case, pending preliminary screening.

Statement of Case: The complaint seeks the return of Plaintiff's personal property, which was allegedly lost at the Dallas County Jail following his return to TDCJ-CID. (Complaint at 4).

Findings and Conclusions: The court permitted Plaintiff to proceed *in forma pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which *a prisoner* seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b) (emphasis added). *See also* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal--(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

Both sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32 (1989).

At the outset the court notes that Plaintiff has not named a suable entity. It is well settled that a plaintiff may not bring a civil rights claim against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991). In *Darby*, the Fifth Circuit held that "unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Id.* Plaintiff has failed to show that the Dallas County Detention Center has ever been granted the capacity to sue or be sued and, as such, it should be dismissed with prejudice as frivolous.

Even assuming Plaintiff could name a suable entity or individual, the complaint lacks an

arguable basis in law. Plaintiff complains about the unintentional and/or the intentional loss of his property following his transfer from the Dallas County Jail back to TDCJ-CID. Neither the negligent nor the intentional deprivation of property raises a valid § 1983 claim. *Geiger v. Jowers,* 404 F.3d 371, 374 (5th Cir. 2005). The Supreme Court has held that the unintentional loss of life, liberty or property does not state a cause of action under § 1983. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Davidson v. Cannon*, 474 U.S. 344, 347 (1986). Where mere negligence is involved in causing a deprivation or damage to property, no procedure for compensation is constitutionally required. *Id.* Therefore, insofar as Plaintiff's claim for loss of his personal property is grounded on negligence, it lacks an arguable basis in law and should be dismissed as frivolous.

To the extent Plaintiff seeks redress for the intentional deprivation of his property by a state officer that is "random and unauthorized," the United States Supreme Court has held that such deprivation does not constitute a civil rights violation as long as the state provides a meaningful post-deprivation remedy. *Parratt v. Taylor,* 451 U.S. 527, 541-44 (1981) (*overruled in part not relevant here, Daniels v. Williams,* 474 U.S. 327 (1986)); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *accord Nickens v. Melton*, 38 F.3d 183, 184-85 (5th Cir. 1994); *Murphy v. Collins,* 26 F.3d 541, 543-44 (5th Cir.1994); *Holloway v. Walker*, 790 F.2d 1170, 1174 (5th Cir. 1986) (finding no breach of federally guaranteed constitutional rights, even where a high level state employee intentionally engages in tortious conduct, as long as the state system as a whole provides due process of law). Because Texas has adequate postdeprivation remedies for the confiscation of prisoner property, Plaintiff does not have a cognizable claim under 42 U.S.C. § 1983. *See Murphy,* 26 F.3d at 543-44; *Thompson v. Steele,* 709 F .2d 381, 383 (5th Cir. 1983).

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's complaint be DISMISSED with prejudice as frivolous. *See* 28 U.S.C. §§ 1915A(b)(1), and 1915(e)(2)(B)(i).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 21st day of May, 2008.

/s/ Wm. F. Sanderson, Jr.
_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.